UNITED STATES BANKRUPTCY COURT      <u>NOT FOR PUBLICATION</u>
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                           Chapter 13

Keith Andrew Holmes and Christine Ann Holmes,      Case No. 19-23497 (SHL)

                       Debtors.            (Jointly Administered)
-------------------------------------------------------------x
Keith Andrew Holmes,
*Pro Se*,

                       Plaintiff

              v.                                     Adv. No. 19-08295 (SHL)

Ocwen Loan Servicing, LLC, *et al.*,

                      Defendants.
-------------------------------------------------------------x


<u>**MEMORANDUM OF DECISION**</u>


**A P P E A R A N C E S :**

**KEITH A. HOLMES**
*Pro Se*
636 Sharon Lane
Yorktown, NY 10598

**GREENBURG TRAURIG LLP**
*Attorneys for Ocwen Loan Servicing, LLC, Ocwen Financial Corporation, Kevin Flannigan, Sally Torres, The Bank of New York Mellon fka The Bank of New York as Successor in Interest to JP Mortgage Chase Bank, National Association, as Trustee to C-Bass Certificates, Series 2004-CB5, Gerard F. Facendola, Andrew M. Cooper*
200 Park Avenue, 39th Floor
New York, NY 10166
By:     Leah N. Jacob, Esq.
        Patrick G. Broderick, Esq.


**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Greenberg Traurig, LLP, Brian Pantaleo, Esq., Steven Lazar, Esq.*
1350 Broadway, Ste 11th Floor
New York, NY 10018
By:     Justin Y.K. Chu, Esq.

**MCCABE, WEISBERG & CONWAY LLC**
*Attorneys for McCabe, Weisberg & Conway, P.C., Melissa A. Sposato, Esq.*

145 Huguenot Street, Ste 210
New Rochelle, NY 10801
By:    Jaime C. Krapf, Esq.

**SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court are Defendants' motions to dismiss the above-captioned adversary proceeding. *See* Motion to Dismiss Adversary Proceeding [ECF No. 11]; Motion to Dismiss Adversary Proceeding [ECF No. 15]; Motion to Dismiss Adversary Proceeding [ECF No. 17]. Plaintiff Keith Andrew Holmes (*pro se*) filed this Adversary Proceeding seeking declaratory judgments and damages from defendants for collusion and fraud in connection with state court proceedings – and a resulting foreclosure judgment – concerning Plaintiff's real property located at 636 Sharon Lane, Yorktown Heights, New York 10598 (the "Property"). Complaint ¶ 1 [ECF No. 1]. Plaintiff is a co-debtor with Christine Ann Holmes in a Chapter 13 case before this Court. *See In re Holmes*, case no. 19-23497 (SHL). The Defendants are all connected to the state court foreclosure proceedings concerning the Property, either as parties or participants.[1] The Plaintiff and the Defendants signed a stipulation in January 2020, which set forth a briefing schedule. *See* ECF No. 22. Plaintiff's response to the motions was due on February 25, 2020 but Mr. Holmes never submitted any papers. The hearings on the motions to dismiss, originally scheduled to be heard on March 13, 2020, were adjourned and heard on April 24, 2020. At the oral argument, the Court heard argument from Mr. Holmes and counsel for the various Defendants.

---

[1]    Defendants are Ocwen Loan Servicing, LLC, Ocwen Financial Corporation, Kevin Flannigan, Sally Torres, The Bank of New York Mellon fka The Bank of New York as Successor in Interest to JP Mortgage Chase Bank, National Association, as Trustee to C-Bass Certificates, Series 2004-CB5 (the "Trust"), Gerald F. Facendola, Andrew M. Cooper, Greenberg Traurig, LLP, Brian Pantaleo, Esq., Steven Lazar, Esq., McCabe, Weisberg & Conway, P.C., Melissa A. Sposato, Esq., among others unnamed.

The Defendants seek dismissal with prejudice under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting that the Court lacks subject matter jurisdiction to hear this adversary proceeding, the Plaintiff's claims are barred by the doctrines of collateral estoppel and *res judicata*, and the Plaintiff's claims fail to state a valid claim for relief. *See* Memorandum of Law [ECF No. 12]; Memorandum of Law [ECF No. 15]; Memorandum of Law [ECF No. 19]. For reasons explained below, the Court dismisses the Plaintiff's Complaint pursuant to Rule 12(b)(1) and 12(b)(6), which are made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7012(b).

## BACKGROUND

The Debtors executed a Note in the amount of $368,000.00 in April 2004, endorsed in blank pursuant to an allonge, in favor of Wilmington Finance. The Note was secured by a mortgage on the Property that was executed by the Borrowers on the same date (the "Mortgage," and together with the Note, the "Mortgage Loan"). The Mortgage was recorded in the Westchester County Clerk's Office in July 2004. In April 2008, the Debtors executed a loan modification agreement promising to pay the $406,212.85 unpaid principal balance, plus interest. *See* Jacob Decl., Ex. B [ECF No. 15].

The Debtors defaulted on the Mortgage Loan in July 2008. The Trust commenced foreclosure proceedings in July 2015. After both parties moved for summary judgment, Justice Everett of the NY Supreme Court of Westchester County denied both motions, granted motions to amend, and held that the six-year statute of limitations for foreclosure actions barred the Trust from recovering any payments that were due more than six-years prior to the commencement of the action on April 11, 2015, i.e. April 11, 2009. *See* Jacob Decl., Ex. G.

In early 2018, Justice Everett denied the Debtors' motion to renew and reargue holding that they failed to present any new evidence or establish that the Court misapprehended or misapplied the law or the facts.  *See* Jacob Decl., Ex. L.  Subsequently, Justice Davidson ordered parties to proceed with a trial in June 2018.  After trial before Court Attorney-Referee Degatano, the Referee issued his Report and Recommendation finding that the Trust was only entitled to collect amounts due from April 12, 2009 (six years before the Trust filed this action) until April 12, 2015 (the date this action was commenced).  *See* Jacob Decl., Ex. N.  A few days later, the Trust moved to reject the Report on several grounds, including (1) based upon the evidence presented, and referee's own findings in the Report, the final judgment amount should be $854,118.72 (the total amount due from April 12, 2009 through the June 15, 2018 judgment).  *See* Jacob Decl., Ex. P.  The Debtors also moved to reject the Report on several grounds.  *See* Jacob Decl., Ex. Q.

Justice Davidson rejected the motions of both parties for the most part.  But he concluded that the amount of the proposed judgment was incorrect:

> [The Report] incorrectly states that the amount of said judgment 'must be reduced by an amount equal to the sum of the unpaid monthly installments under the Mortgage for the period from April 12, 2009 to April 11, 2015' (Report at 5).  Rather, the total amount of the judgment to which BONY is entitled must be equal to the unpaid installments which accrued within the six year period from April 12, 2009 to April 11, 2015.

*See* Jacob Decl., Ex. R.  Thus, Justice Davidson scheduled a hearing to determine the amount of the judgment.  *See* Jacob Decl., Ex. S; Compl. ¶ 43.  Referee Degatano issued a report, which was confirmed by Justice Davidson in early 2019, and held that the Trust was entitled to recover the amount of $683,410.04, which included principal and interest payments from April 12, 2009 to April 11, 2015.  *See* Jacob Decl., Ex. W.  The Trust subsequently moved for a judgment of foreclosure and sale.  *See* Jacob Decl., Ex. X.  The Debtors cross-moved seeking "preclusion" of

a judgment of foreclosure and sale, *see* Jacob Decl., Ex. Y, and filed opposition to the motion for

judgment of foreclosure and sale.  In early summer 2019, the Debtors' motion was denied in its

entirety and the Trust was granted a Judgment of Foreclosure and Sale in the amount of

$683,410.04 ("Judgment of Foreclosure and Sale").  *See* Jacob Decl., Ex. Z.  A foreclosure sale

of the Property was scheduled for August 21, 2019.  *See* Jacob Decl., Ex. AA.

In August 2019, the Debtors filed a voluntary petition seeking protection under Chapter

13 of the Bankruptcy Code to stay the scheduled foreclosure sale of the Property.  Compl. ¶ 51.

A few months later, Mr. Holmes filed this adversary proceeding, where he alleges violations of

18 U.S.C. §§ 1343, 1341, CPLR § 3408(f), the NY State Fraud Foreclosure Act of 2012, and NY

Penal Code § 190.65(b), in the following ten counts:  scheme to defraud the plaintiffs of their

property (Count One); collusion (Count Two); fraud (Count Three); negligence (Count Four);

unjust enrichment (Count Five); libel (Count Six); intentional infliction of emotional distress

(Count Seven); abuse of process (Count Eight); unclean Hands (Count Nine); and other torts

(Count Ten).  Compl. ¶¶ 56–84.  He seeks, among other things: an order "sanctifying" the state

court decision of September 1, 2017; the grant of quiet title to the Property free and clear of the

Trust's lien; actual damages in the amount of $473,610.00; compensatory damages in varying

amounts for each cause of action, including $2,000,000 of compensatory damages; and punitive

damages in the amount of $1,000,000.  Compl. at Wherefore Cl. ¶¶ 1–9.

## DISCUSSION

I.    Legal Standards

Federal Rule of Civil Procedure 12(b)(1), applicable to bankruptcy proceedings

under Federal Rule of Bankruptcy Procedure 7012(b), provides for dismissal for lack of subject

matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1); Fed. R. Bankr. P. 7012(b).  As the party

seeking to invoke the jurisdiction of the court, the plaintiff bears the burden of establishing

subject matter jurisdiction.  *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Dismissal for lack of subject matter jurisdiction is appropriate when the "court lacks the statutory

or constitutional power to adjudicate it."  *Id.*  "When considering a motion to dismiss for lack of

subject matter jurisdiction . . . a court must accept as true all material factual allegations in the

complaint."  *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998).  In

addition, a court "may consider affidavits and other materials beyond the pleadings to resolve the

jurisdictional question."  *Margiotta v. Kaye*, 283 F. Supp. 2d 857, 861 (E.D.N.Y. 2003).

Federal Rule of Civil Procedure 12(b)(6), is also applicable under Federal Rule of

Bankruptcy Procedure 7012(b).  It provides that a complaint must be dismissed if it fails to state

a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  Courts deciding a

motion to dismiss for failure to state a claim must accept all factual allegations as true and draw

all reasonable inferences in favor of the non-moving party.  *See Ganino v. Citizens Utils. Co.*,

228 F.3d 154, 161 (2d Cir. 2000); *Hilaturas Miel, S.L. v. Republic of Iraq*, 573 F. Supp. 2d 781,

797 (S.D.N.Y. 2008).  "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft

v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).

In determining whether to dismiss a case under Rule 12(b)(6), courts may consider

documents incorporated by reference or attached to the complaint as well as "documents either in

plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing

suit."  *Halebian v. Berv*, 644 F.3d 122, 130 n.7 (2d Cir. 2011) (citation omitted).  "Although

'complaints drafted by *pro se* plaintiffs are to be construed liberally, [ ] they must nonetheless be

supported by specific and detailed factual allegations sufficient to provide the court and the

defendant with' a fair understanding of the conduct at issue and the basis for recovery." *In re*

*Residential Capital, LLC*, 2013 WL 5273128, at *4 (Bankr. S.D.N.Y. Sept. 18,

2013) (quoting *Kimber v. GMAC Mortg., LLC* (*In re Residential Capital, LLC*), 489 B.R. 489,

494 (Bankr. S.D.N.Y. 2013); *see also Barone v. United States*, 2014 WL 4467780, at *5

(S.D.N.Y. Sept. 10, 2014) (stating the court is required to construe a *pro se* plaintiff's allegations

liberally but "[n]onetheless, pro se plaintiffs must satisfy the requirement of Rule 12(b)(6) that

the complaint must be plausible on its face.").

II.     Plaintiff's Claims are Barred by the Rooker–Feldman Doctrine

All Defendants argue that there is no subject matter jurisdiction here because of the

Rooker–Feldman doctrine, which precludes federal district courts from exercising appellate

jurisdiction over final state court judgments. *See* Memorandum of Law at 8–11 [ECF No. 15];

Motion to Dismiss Adversary Proceeding at 5–6 [ECF No. 19]; Memorandum of Law at 5–7

[ECF No. 12]; *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*,

460 U.S. 462 (1983).  "The Rooker-Feldman doctrine [applies to] cases brought by state-court

losers complaining of injuries caused by state-court judgments rendered before the federal

district court proceedings commenced and inviting the district court review and rejection of those

judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).  The

Second Circuit has delineated four requirements to invoke the Rooker–Feldman doctrine: (1)

"the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of

injuries caused by a state court judgment"; (3) "the plaintiff must invite district court review and

rejection of that judgment"; and (4) "the state-court judgment must have been rendered before

the district court proceedings commenced." *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 164

(E.D.N.Y. 2010), *aff'd*, 446 F. App'x 360 (2d Cir. 2011) (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (internal citations omitted)).

"Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine." *In re Moise*, 575 B.R. 191, 202 (Bankr. E.D.N.Y. 2017) (dismissing adversary complaint under the Rooker-Feldman doctrine seeking to reverse the state court foreclosure judgment); *see, e.g.*, *Ford v. US. Dept. of Treasury IRS*, 50 Fed. Appx. 490 (2d Cir. 2002) (holding that Rooker–Feldman barred plaintiff's attempt to seek reversal of the state court foreclosure judgment); *In re Demarais*, 2008 WL 3286218, at *4 n.6 (Bankr. N.D.N.Y. 2008) (noting that vacatur of the underlying "Judgment of Foreclosure and Sale would be inappropriate under the Rooker–Feldman doctrine"). The Defendants argue that the four parts of the Rooker–Feldman doctrine are met here.

Where a movant has obtained a valid state court foreclosure judgment establishing a bank's status as a secured creditor, the Rooker-Feldman doctrine prevents a bankruptcy court from revisiting the status of that creditor. *See Agard v. Select Portfolio Servicing, Inc.*, 2012 WL 1043690 at *4 (E.D.N.Y. Mar. 28, 2012); *Jones v. Nat'l Commc'n & Surveillance Networks*, 409 F.Supp.2d 456, 469 (S.D.N.Y. 2006) ("A district court lacks any authority to review final judgments of a state court."); *Exxon Mobil Corp.,* 544 U.S. at 283. In this case, like in *Agard*, the Trust had already obtained a Foreclosure Judgment from the Westchester County Supreme Court before the matter came before this Court. *See* Judgment of Foreclosure and Sale, Jacob Decl., Ex. Z. Ruling in favor of the Plaintiff would require the Court to question the validity of the state court judgment. Therefore, the Rooker–Feldman doctrine is a bar to this Court revisiting an issue already adjudicated and decided by the state court. *See Agard*, 2012 WL 1043690 at *4.

While Plaintiff raises allegations of fraud as to the state court proceeding, the Court notes that there is no fraud exception to the Rooker–Feldman doctrine. *See Roberts v. Perez,* No. 13–CV–5612 (JMF), 2014 WL 3883418, at *4 (S.D.N.Y. Aug. 7, 2014) ("[C]ourts in this District have consistently held that claims that a state-court judgment was fraudulently procured are subject to *Rooker–Feldman.*") (citing *Kropelnicki v. Siegel,* 290 F.3d 118, 128 (2d Cir. 2002) ("[Plaintiff's] claim regarding this misrepresentation sounds in fraud, yet we have never recognized a blanket fraud exception to *RookerFeldman* [sic].") (internal quotation omitted)). Thus, to the extent that the Plaintiff argues that the Defendants perpetrated a fraud upon the state court to obtain this judgment, see Compl. ¶ 58, Rooker–Feldman nonetheless bars the use of fraud claim to challenge the state court judgment. *See Vossbrink v. Accredited Home Lenders, Inc.,* 773 F.3d 423, 427 (2d Cir. 2014) ("To the extent [plaintiff] asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars [plaintiffs] claim. [Plaintiff] invites review and rejection of the state judgment.") (internal quotation omitted); see also *Gurdon v. Doral Bank*, 2016 WL 721019, at *4 (S.D.N.Y. Feb. 23, 2016), report and recommendation adopted *sub nom. Andrew Gurdon (Executor-419 Estates, LLC) v. Doral Bank*, 15CIV05674GBDJLC, 2016 WL 3523737 (S.D.N.Y. June 22, 2016).

III.    Plaintiff's Claims are Barred by *Res Judicata*

Defendants also argue that the doctrine of *res judicata* bars Debtor-Plaintiff's claims. *See* Memorandum of Law at 12–14 [ECF No. 15]; Motion to Dismiss Adversary Proceeding at 7–8 [ECF No. 19]; Memorandum of Law at 8–9 [ECF No. 12]. Defendants note that the Plaintiff is attempting to assert in this Adversary Proceeding the same arguments that he raised in the Foreclosure Action, including that the Trust is only entitled to recover the amount of $210,000.

*Res judicata*, or claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284–85 (2d Cir. 2000) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *St. Pierre v. Dyer,* 208 F.3d 394, 399 (2d Cir. 2000) (quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981)) (same); *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994) (same).  "The purpose of the doctrine . . . is to promote finality."  *In re DeFlora Lake Dev. Assocs., Inc.*, 571 B.R. 587, 594 (Bankr. S.D.N.Y. 2017) (citing *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir. 1995)). To prove the affirmative defense of *res judicata*, a party must show: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan*, 214 F.3d at 285.  *Res judicata* challenges are properly raised by a motion to dismiss under Rule 12(b)(6).  *Thompson v. Cty. of Franklin*, 15 F.3d 245 (2d Cir. 1994).

State and federal courts in New York have used *res judicata* to reject attempts to relitigate foreclosure judgments, which operate as an adjudication on the merits.  *See, e.g.*, *Nath v. Select Portfolio Servicing, Inc.*, 2017 WL 782914, at *10 (S.D.N.Y. Feb. 28, 2017), *aff'd*, 732 F. App'x 85 (2d Cir. 2018) ("A Foreclosure Judgment is final as to all questions at issue between . . . parties, and concludes all matters of defense that were or might have been litigated in the Foreclosure Action.") (internal citations omitted); *Gray v. Bankers Trust Co. of Albany, N.A.*, 442 N.Y.S.2d 610, 612 (N.Y. App. Div. 3d Dept. 1981) (A "judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or might have been litigated in the foreclosure action are

concluded."); *83-17 Broadway Corp. v. Debcon Fin. Servs, Inc.*, 835 N.Y.S.2d 602, 604 (N.Y.

App. Div. 2d Dept. 2007) ("Since the plaintiff defaulted in both foreclosure actions and did not

successfully move to vacate its defaults, the judgment of foreclosure and sale entered in those

actions preclude it from litigating the validity of the mortgages in this action."); *New Horizons*

*Investors, Inc. v. Marine Midland Bank, N A.*, 669 N.Y.S.2d 666, 667 (N.Y. App. Div. 2d Dept.

1998) (holding plaintiffs are precluding from attempting to relitigate claims because they failed

to raise those claims as defenses in the foreclosure action); *Dae Yang v. Korea First Bank*, 668

N.Y.S.2d 363, 364 (N.Y. App. Div. 1st Dept. 1998).

      Applying these legal principles here, the Court concludes that the Defendants have

satisfied the elements of *res judicata*.  The foreclosure proceeding here was a previous action

adjudicated on the merits, it involved the Plaintiff, and the claims in this case were, or could have

been, raised in the prior state court action.  The allegations raised in the Plaintiff's complaint

arise from his disagreement with the outcome reached by the state court, where Plaintiff argued

that the Trust was only entitled to recover $210,000 pursuant to the September 1, 2017 Order.

*See* Jacob Decl., Exs. J, N, Q, S, and Y.  Moreover, Plaintiff cannot avoid the preclusive effect of

the Judgment of Foreclosure and Sale, *see* Jacob Decl., Ex. Z, by raising new theories of liability

that could have been raised in the foreclosure litigation.  *See In re Moise*, 575 B.R. at 204.  For

example, Count Six for libel stems from arguments made by the Plaintiff in the state foreclosure

action proceedings that the defendants. *See, e.g.*, Compl. ¶ 71 ("By obtaining a fraudulent

judgment . . . .").  While the Plaintiff may not have raised an allegation for libel in the state court

proceedings, Plaintiff's complaint is derivative of his disagreement at the outcome reached by

the state court.  *See Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994) (*Res judicata* bars "a

later claim arising out of the same factual grouping as an earlier litigated claim even if the later

claim is based on different legal theories or seeks dissimilar or additional relief.") (citing *Smith v. Russell Sage College*, 429 N.E.2d 746, 750 (N.Y. 1981)); *Hinds v. Option One Mortg. Corp.*, 11-CV-06149 NGG RER, 2012 WL 6827477, at *5 (E.D.N.Y. Dec. 6, 2012) (holding *res judicata* bars plaintiff's claim which should have been raised in the prior state court proceeding); *Gray*, 442 N.Y.S.2d at 612.

IV.    Plaintiff's Complaint is Dismissed with Prejudice

Finally, Plaintiff at the hearing requested that any dismissal of his case be done without prejudice. By contrast, the Defendants have asked the Court to dismiss the Plaintiff's Complaint with prejudice. S*ee, e.g.*, Memorandum at 7 [ECF No. 12]; Memorandum at 2, 12 [ECF No. 15].

"[A] dismissal on jurisdictional grounds alone is not on the merits and permits the plaintiff to pursue his claim in the same or in another forum." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). A dismissal based on the Rooker–Feldman doctrine operates as a dismissal for a lack of subject matter jurisdiction. *See Jakupovic v. Curran*, 850 F.3d 898, 904 (7th Cir. 2017) (dismissing the Plaintiff's complaint without prejudice under Rooker-Feldman) (citing *Frederiksen v. City of Lockport*, 384 F.3d 437, 438–39 (7th Cir. 2004) ("When the *Rooker-Feldman* doctrine applies, there is only one proper disposition: dismissal for lack of federal jurisdiction. A jurisdictional disposition is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court. But it is without prejudice on the merits, which are open to review in state court to the extent the state's law of preclusion permits.").[2] But a dismissal on the grounds of *res judicata* operates as a final judgment on the merits. *See Monahan*, 214 F.3d at

---

[2]    *Cf. In re Moise*, 575 B.R. at 202; *In re Sterling*, 18-CV-3733 (JGK), 2019 WL 2250386, at *3 (S.D.N.Y. May 23, 2019) ("[T]he Bankruptcy Court properly dismissed the adversary proceeding with prejudice because, among other reasons, the Rooker-Feldman doctrine prevents the appellant from pursing his claims in federal bankruptcy or district court.").

285 (listing the requirements of *res judicata*); *Teltronics Servs., Inc. v. L M Ericsson Telecommunications, Inc.*, 642 F.2d 31, 34 (2d Cir. 1981) ("[J]udgments under rule 12(b)(6) are on the merits, with *res judicata* effects.") (internal quotation marks and citation omitted), *cert. denied*, 452 U.S. 960 (1981); *In re Moise*, 575 B.R. at 202.

Applying these principles here, dismissal with prejudice is the proper course. Foreclosure judgments operate as an adjudication on the merits and are final as to all questions at issue between the parties. *See, e.g.*, *In re Moise*, 575 B.R. at 203–04; *Nath*, 2017 WL 782914, at *10; *Gray*, 442 N.Y.S.2d at 612; *83-17 Broadway Corp.*, 835 N.Y.S.2d at 604; *New Horizons Investors*, 669 N.Y.S.2d at 667; *Dae Yang*, 668 N.Y.S.2d at 364. As the Judgment of Foreclosure and Sale here operates as a final judgment on the merits and satisfies the requirements of *res judicata*, Plaintiff's Complaint is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed with prejudice. The Defendants shall submit an order in accordance with this ruling. The proposed order must be submitted by filing a notice of the proposed order on the Case Management/Electronic Case Filing docket, with a copy of the proposed order attached as an exhibit to the notice. A copy of the notice and proposed order shall also be served upon the Plaintiff.

Dated: New York, New York
       July 24, 2020

                                        */s/ Sean H. Lane*
                                        UNITED STATES BANKRUPTCY JUDGE